3

J. RUSSELL CUNNINGHAM, SBN 130578
NICHOLAS L. KOHLMEYER, SBN 299087
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

In re:

ANGELO AROLDO STEFANO OLIVA and
LISA RENEE OLIVA,

    Debtors.

Case No. 18-21644-E-7
Chapter 7

DNL-3

### APPLICATION TO EMPLOY KELLER WILLIAMS REALTY AS BROKER

J. MICHAEL HOPPER ("Trustee"), in his capacity as the Chapter 7 Trustee for the bankruptcy estate of ANGELO AROLDO STEFANO OLIVA and LISA RENEE OLIVA (collectively "Debtors"), hereby applies for an order approving his employment of KELLER WILLIAMS REALTY ("Broker") as the bankruptcy estate's real estate broker to market the estate's interest in real property located at 3046 Prado Lane, Davis, California 95618-6518 ("Subject Property"). In support of his application, Trustee respectfully submits the following:

### JURISDICTION AND BACKGROUND

1. Jurisdiction for this application exists pursuant to 28 U.S.C. Sections 157(b)(2)(A) and 1334; and 11 U.S.C. Sections 328 and 330.

///

///

1

2. On March 21, 2018, the Debtors commenced the above-captioned bankruptcy case by filing a voluntary Chapter 13 petition.

3. On August 26, 2019, the Court converted the Debtors' case to one under Chapter 7. The Trustee is the duly appointed Chapter 7 trustee for the Debtors' bankruptcy estate.

4. Scheduled property of the bankruptcy estate includes the Debtors' interest in the real property located at Subject Property.

5. In their original schedules, entered as Docket No. 9, the Debtors stated that the Subject Property has a value of $825,000.00 subject to an approximate $442,360.00 secured claim by OCWEN LOAN SERVICING ("OLS").

**RELIEF SOUGHT AND BASIS FOR RELIEF**

6. By this application, the Trustee requests that the Broker serve as his real estate broker to market the Subject Property pursuant to the listing agreement and addendum filed as **Exhibit A** in support of this application. Upon the Broker's advice, the listing agreement provides for a listing price of $760,000.00.

7. The Broker has agreed to advertise the Subject Property, show the Subject Property to interested parties, represent the estate as seller in connection with the sale of the Subject Property, and advise the Trustee with respect to obtaining the highest and best offers available in the present market for the Subject Property. The Broker has agreed to perform these services in return for a commission of 6 percent of the purchase price of the Subject Property, payable upon and through the close of escrow, and which may be shared at the commission rate of 2.5 percent to any cooperating broker.

8. The Trustee has sought the Broker to market the Subject Property because the Broker has extensive experience in marketing and selling real estate such as the Subject Property. The 6 percent commission fee charged by the Broker is a normal and reasonable residential commission fee as compared to those charged in similar matters. The Trustee is not seeking approval of the terms of compensation set forth in the listing agreement and addendum. Such approval will be sought by a subsequent application in conjunction with a proposed sale. The Trustee only seeks approval of her employment of the Broker.

2

9. The Broker understands that any sale of the Subject Property is subject to Bankruptcy Court approval and the Broker's employment and compensation in this matter are also subject to Bankruptcy Court approval.

10. Kendell Konecny, on behalf of the Broker, has caused a conflicts check to be performed to determine if any conflicts of interest exist in this case between the Broker and interested parties. The names checked include the names of the Debtors, United States Trustee, and the names of all of the persons or entities listed on the creditors' mailing matrix.

11. As disclosed in the supporting declaration of Mr. Konecny, the Broker currently represents, and has in the past represented, the Trustee and other trustees in matters unrelated to the Debtors' case. The United States Trustee and persons employed by the Office of the United States Trustee have been involved in those matters. In addition, the Broker is currently, and has been, involved in matters, unrelated to this case, where the Trustee's general counsel Desmond, Nolan, Livaich & Cunningham is involved.

12. Except as set forth above, no members of the Broker, or the Broker itself, have connections with the Debtors, creditors, or any party-in-interest, their respective attorneys, accountants, or the U.S. Trustee, or any employee of the U.S. Trustee.

**WHEREFORE**, the Trustee respectfully requests that the Court approve the employment of the Broker to perform the professional services required by the Trustee, and further, that the fees incurred as a result of the Broker's employment be allowed as an administrative expense, payable from available funds of the estate upon further application pursuant to 11 U.S.C. § 330.

Date: September 19, 2019　　　**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
　　**J. RUSSELL CUNNINGHAM**
　　Attorney for J. Michael Hopper
　　Chapter 7 Trustee

Approved as to Form:

_____
**J. Michael Hopper**, Chapter 7 Trustee

3